***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 2, 2022, affirmed, motion to supplement the record denied
June 14, 2023

In the Matter of the Marriage of

Sareena M. CAREY,
*Petitioner-Respondent,*
*and*

Matthew M. CAREY,
*Respondent-Appellant.*

Jackson County Circuit Court
21DR01000; A176861

Charles G. Kochlacs, Judge.

Matthew M. Carey filed the briefs *pro se*.

Jamie L. Hazlett filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed; motion to supplement the record denied.

**HELLMAN, J.**

Father appeals the portion of a dissolution judgment that awarded sole custody of Z, a minor child, to mother. For the reasons below, we affirm.

Father asks us to take *de novo* review of this case under ORS 19.415(3)(b), but the case is not an exceptional one, so we decline to exercise our discretion to do so. ORAP 5.40(8)(c)(d). Accordingly, we review the trial court's legal conclusions for errors of law and are bound by the court's findings of historical facts if there is any evidence to support them. *J. V.-B. v. Burns*, 284 Or App 366, 367, 392 P3d 386 (2017). Because our review is of the trial court's ruling at the time it was made, we deny father's motion to supplement the record with evidence of events that occurred after that ruling.

In father's first assignment of error, he argues that the court erred in awarding custody to mother, because it did not represent the best interests of Z. Father's argument does not raise any legal error on the part of the trial court. Instead, the argument asks us to reweigh the facts in his favor and reach a different conclusion. However, there is evidence in the record to support the trial court's findings of fact. Accordingly, the assignment of error provides no basis for reversal.

In father's second assignment of error, he asserts that the trial court erred when it applied the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and a related form that was prepared and submitted by mother's attorney. We understand father to be making two arguments in support of this assignment of error. First, he presents a fact-based argument to the findings in the trial court's judgment. Because the record contains evidence to support the trial court's findings of fact, this argument does not establish any basis for reversal.

Second, we understand father to assert that the UCCJEA is not appropriate for this type of proceeding. Although this argument appears unpreserved, a party can raise subject matter jurisdiction for the first time on appeal. *Campbell v. Tardio*, 261 Or App 78, 80, 323 P3d 317 (2014).

The UCCJEA applies when multiple states may have jurisdiction to adjudicate a child custody dispute. *Id*. Here, because father and mother lived in different states, because mother and Z had resided in Oregon for at least six months before the start of the proceedings, and because Z's absence from Oregon was only temporary, the trial court had subject matter jurisdiction to adjudicate the child custody dispute. ORS 109.741(1).

Father's third assignment of error combines several arguments, including a claim of gender discrimination, a claim that mother failed to disclose a witness prior to the hearing, a claim that the trial court failed to notify father of an immediate danger hearing, and an overall due process challenge to the proceedings.

Father's arguments do not establish a claim of gender discrimination. As to the second argument, father does not cite any rule or statute requiring prehearing witness disclosures in civil cases. As to the third, father did not have a right to be notified of the immediate danger hearing, because those hearings are conducted *ex parte*. ORS 107.097. Finally, after review, we determine that there was no due process violation in the proceeding.

Affirmed; motion to supplement the record denied.